IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MIGUEL A. MATEO,<br>    Plaintiff,<br>v.<br><br>STATE OF TENNESSEE, et al.<br>    Defendants. | Case No. 3:18-cv-0052<br>Judge Trauger/Frensley |

## REPORT AND RECOMMENDATION

Pending before the court is the a Motion for Consideration to Reverse This Action to the United States District Court for the Southern District of New York filed by the pro se Plaintiff. Docket NO. 10. For the reasons stated herein, the undersigned recommends that the Motion be DENIED.

### BACKGROUND

Plaintiff alleges in his Complaint that he is a resident of both New York and Onondaga Counties in the State of New York. Docket No. 1, p. 4. He originally brought this action in the Southern District of New York against the State of Tennessee, State of Tennessee Healthcare and Finance Administration ("HCFA"), Department of Human Resources and three individuals; Deputy Jay Taylor, Director Nancy Haney and employee, Virginia Law. Docket No. 1. Plaintiff asserts claims related to his employment while working in Nashville, Tennessee, as the Director of Audit and Compliance at the State of Tennessee HCFA Bureau of TennCare/Long Term Services and Support alleging employment discrimination under Title VII as well as New York State and city law. *Id.*

Plaintiff was ordered to show cause as to why the action should not be transferred to the Middle District of Tennessee because the Plaintiff does not allege that any Defendant resides in

New York or that his claims arose there thus making venue improper in the Southern District of New York. Docket No. 3. Plaintiff responded to the show cause order that the action should not be transferred conceding that "none of the Defendants have domicile or reside within New York State." Docket No. 6, p. 2. He then argued, similarly to the instant motion, that the court in New York should retain jurisdiction on the basis of diversity rather than venue. *Id.* Because the court found venue improper in the Southern District of New York they transferred the matter to the Middle District of Tennessee. Plaintiff has now brought this motion essentially urging this court to reconsider the Order transferring this case to the Middle District of Tennessee from the Southern District of New York,

## ANALYSIS

This action arises out of the Plaintiff's employment with the State of Tennessee in the Middle District of Tennessee. In response to the show cause order and in his motion, the Plaintiff argues that the Southern District of New York is an appropriate forum for this case based on the diversity of citizenship between himself and Defendants. However, Plaintiff's complaint alleges the court's jurisdiction "is invoked because of federal questions and pursuant to the Constitution of the United States." Docket No. 5, p. 2. Irrespective, as the court has previously determined in the Order transferring this case to this district, the Complaint alleges and his claims arose from conduct in the Middle District of Tennessee, Nashville Division. Docket No. 7, p. 2. There, as here, Plaintiff's arguments focus on there "being diversity jurisdiction rather than venue" and fails to address the venue issue or otherwise provide a basis upon which the matter should be brought in the Southern District of New York. The Plaintiff has not brought any new or additional analysis from that which was previously rejected in the Order transferring the case to this district. Because venue is appropriate in the Middle District of Tennessee insofar as all of the

Plaintiff's claims arose in the Middle District of Tennessee, the undersigned recommends that the Plaintiff's Motion to transfer the matter back to the Southern District of New York be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**